Sedgwick, J.
The case cited from 1 Mass. Rep. was one where the cause of action survived, which is certainly not true in the present case.

Curia.

Dudley, the original plaintiff, having, in an action for a tort, recovered judgment against Thayer, he brought * this review, and dying while it was pending, his admin- [ * 298 ] istrator now moves the Court to prosecute, it.
His motion is founded on the statute of 1788, c. 47, <§> 3, by which it is provided that pending a writ of review in a personal action, if either party die, his executor or administrator may come in and prosecute or defend the same. The words of this section are sufficiently extensive to support the motion of the administrator; but they ought to receive such construction as is consistent with other statutes on this subject.
When a personal action, which does not survive, is pending, and either party dies, it is admitted, in consequence of the restrictive words of the statute of 1783, c. 32, that the executor or administrator cannot either prosecute or defend. And we are desired to *262 give this statute a construction, by which, if judgment had been against the plaintiff, his administrator might review, and call the original defendant to answer, when if the plaintiff had died before judgment, the writ must have abated. Surely this could not be the intention of the legislature. Suppose the plaintiff had sued an action of slander-, and died before judgment, it is agreed that his administrator could not afterwards prosecute the action; but it is urged that in consequence of this last statute, if the defendant had recovered judgment against the plaintiff, and the plaintiff had then died, his administrator might review the action, and call on the defendant to answer for defaming the intestate. A construction having this effect we cannot give to this statute, but must confine this provision respecting personal actions to such, where the cause of action survives.
By thus restraining the general words, we adopt a construction similar to that of the provincial statute of 13 G. c. 6, and 1 G. 2, c. 9. By those statutes, executors and administrators might prosecute or defend all actions pending at the death of either party. The words are as general as those of the statute of 1788; the restrictive clause contained in the statute of 1783, confining its provisions to personal actions in which the cause of action survives, not being inserted. Yet the contemporaneous and uniform construction of the provincial statutes confined their operation to personal actions, in which the cause of action survived.
[ * 299 ] * The motion cannot be granted, and judgment must be entered that the writ of review is abated by the death of the plaintiff in review (4).

 [Vide Barnard vs. Harrington, ante, 228.—Pitts vs. Hale, post, 321.—Ed.]