### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR

## THE COUNTY OF STRAFFORD, SEPTEMBER TERM,

### A. D. 1827.

---

## Amos Fernald *versus* Jonathan Ladd, plaintiff in review.

Where the plaintiff in review dies pending the review, the original action being case for a malicious prosecution in which the plaintiff in review was defendant, his administrator cannot become a party to the review.

This was an action on the case for a malicious prosecution ; and was tried here at September term, 1822, and a verdict returned in favor of Fernald, the original plaintiff, upon which he had judgment.

Ladd brought this writ of review and then died. Dudley Ladd, the administrator of Jonathan, moved to be admitted to prosecute the writ of review.

*Woodbury* and *Walker*, for the administrator, admitted that the original cause of action did not by law survive. But this is a review, the object of which is to recover back the money, which Fernald has received on the former judgment. The review is in its nature an action to recover money, and does by law survive.

*Mason* and *Lyford*, for the plaintiff. This is not an action brought to recover money, but is brought to try

again the original cause of action in the same manner as if it had never been tried before.

RICHARDSON, C. J.   It is very clear, that the cause of action in this cause does not survive against Ladd's administrator.   The rule is, where the action is for damages only in satisfaction of an injury done, the cause of action does not survive.   *Hambly* v. *Trott*, Cowper, 371.

In *Thayer* v. *Dudley*, 3 Mass. Rep. 296, the case was that Dudley brought an action on the case against Thayer for placing logs in a highway, by means of which Dudley was thrown out of his chaise, and his ancle dislocated.   A verdict was given for the plaintiff, and the defendant, Thayer, brought his writ of review, and then died.   It was moved that his administrator might be admitted to prosecute the writ of review ; but the court held that as the cause of action did not survive, the motion could not be granted, and ordered an entry to be made that the writ was abated by the death of the plaintiff in review.

The views of the legislature, on this subject, seem to have been in perfect accordance with the opinion of the supreme court of Massachusetts when our statute of June 21, 1797, was passed, for it is there provided that certain actions which are enumerated "shall not abate by reason of the death of either party, but shall so far be considered as surviving that they may be prosecuted to final judgment and execution, and *reviewed* in the same manner as actions, the cause whereof doth by law survive, may be prosecuted and reviewed."

Case for malicious prosecution is not mentioned in the said statute, and we are of opinion, that a writ of review cannot be, in this case, considered as a writ for the recovery of money so as to survive, and that the motion of the administrator in this case cannot be sustained.   The entry must therefore be, that the writ of review is abated by the death of the plaintiff in review.