# ELIZABETH BURLEY *versus* GORDON BURLEY, plaintiff in review.

A review is, in its nature, a new trial of the issues before tried, between the parties, unless the court grant leave to amend the pleadings.

And, upon review, the original defendant can plead no new matter, arising after the first judgment, in bar of the original cause of action.

THIS was an action of assumpsit, upon a promissory note, brought by Elizabeth Burley, against Gordon Burley, in which judgment was rendered in favor of the original plaintiff, on the verdict of a jury. Gordon Burley sued out this writ of review, which he entered here, at May term, 1831, and, at November term, in the same year, he pleaded *puis darrein continuance*, in bar of the original action, a release, made on the 20th October, 1831, of all claims, demands, actions and judgments.

To this plea the original plaintiff demurred, and there was a joinder in demurrer.

*Kimball* and *Bartlett*, for the original plaintiff.

*Bell* and *Quincy*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

In a writ of review, the party who brings it, claims to have the judgment reversed, because the issues joined between the parties were found against him, when they ought to have been found in his favor.

The statute provides that the review shall be tried upon the pleas made upon the former trial, on record. But the court is authorized to permit an amendment of the pleadings upon terms. A review is then, in its nature, a new trial of the issues which were originally tried, unless the court permit an amendment.

Here the plaintiff in review has not obtained leave to amend the pleas he filed in the original writ. That would not have answered his purpose. He has abandoned those pleas and relied entirely upon matter which has arisen since that judgment was rendered against him. But this matter cannot avail him. From the very

nature of the case, no matter which has arisen since the judgment can be pleaded in bar of the original action.— If the verdict and judgment were originally right, nothing which has since occurred can make them wrong.

A release of the original cause of action, after judgment, is without effect, unless it amount to a release of the judgment. And a release, or payment, of the judgment can, in its nature, be no answer to the original action.

We are not aware of any new matter that can be pleaded by a plaintiff in review. A defendant in review may, perhaps, plead a release of the right of review.

The matter of the plea then, in this case, is insufficient in law to entitle the plaintiff in review to a reversal of the judgment. And as this plea is, in its nature, an abandonment of all other grounds of defence to the original action, the judgment must be affirmed.