Batchelder
*vs.*
Wason.

---

# BATCHELDER *vs.* WASON.

Where an execution has been levied on goods and chattels, which have been sold and the proceeds paid over to the creditor, he can maintain no action to obtain a new execution, upon the ground that the goods were not the property of the debtor, until he has refunded the money thus received, or tendered it for that purpose.

DEBT upon a judgment. Upon the trial the plaintiff gave in evidence the judgment stated in the declaration. It appeared that an execution issued upon that judgment November 24, 1828, and on the next day certain goods were

seized by virtue of the execution, as the property of Wason, and sold, and the proceeds of the sale, amounting to $20 08, applied in satisfaction of the execution, which was returned satisfied in part, and the balance afterwards paid.

A part of the goods out of which the $20 08 were raised, amounting in value to $11 38, it appeared was not in fact the property of Wason. But it did not appear that any person had ever recovered the value of that property from the officer, or that the plaintiff had ever paid any thing on account of it.

A verdict was taken for said sum of $11 38, and interest, subject to the opinion of this court upon the above case.

*H. F. French*, for the plaintiff. The property to the amount of $11 38 was not that of the debtor, and could not be applied to the payment of his debts without the license of the owner. It is a general rule that the title of the true owner cannot be lost without his own free act and consent. Any return by an officer of satisfaction from such a source can transfer no right in such property, either to the creditor or to the purchaser of it, nor can it divest the real owner of any of his rights in such property. The property out of which such apparent satisfaction is made still remains the property of the original owner, and he may assert his right to it whenever and wherever he may think proper. If he has not already claimed it, the officer is still liable at any moment to an action for it or its value. For these reasons the statute does not require it to be shown that the property has in fact been recovered of the officer—an actual recovery and a right to recover amounting to the same thing, so far as the debtor is concerned.

Suppose, as this case really is, that the real owner of the property levied upon has commenced an action, which is pending against the officer. Should the creditor be obliged to wait the conclusion of that suit before he can satisfy his judgment out of the property of the debtor, and thus be

kept in suspense, and perhaps lose his debt entirely ? Should his right to satisfaction depend upon the event of a suit to which he is not a party, and over which he can have no control ? Or, if the officer has effected a settlement with the owner of the property, shall the creditor be obliged to prove this private transaction between strangers ?

The statute, to obviate difficulties of this kind, wisely provides only that it should appear that the property was not the debtor's, and not that the creditor should be compelled to show who was in fact the owner.

*James Bell*, for the defendant.

Parker, J. The revised statute of July 4, 1829, enacts " that when any execution shall be extended or levied upon ' any real or personal estate, and it shall afterwards appear ' that such estate or some part thereof did not at the time of ' such extent belong to the debtor, then and in every such case ' the creditor, his executors or administrators, may commence ' and sustain an action of debt, on the judgment upon which ' such execution issued, against the debtor, his executors or ' administrators, and recover the amount which may for the ' reason aforesaid remain equitably due and unsatisfied." A similar provision had existed for some time previous.

Where a levy is made upon real estate to which the debtor has no title, the creditor takes nothing. He is a trespasser if he enter upon the land which has been set off to him, and of course, as nothing has been received, the debt, notwithstanding the levy, remains equitably due and unsatisfied.

But in a levy on personal estate the case is different. There the property is sold, and the money arising from the sale is paid over to the creditor. He receives in this way an actual satisfaction of his execution, and so long as he holds the money as his own cannot allege that any thing is legally or equitably due to him.

The plaintiff in this case has received the money which was due upon his execution, and he still holds it. It was raised from the sale of certain goods, a part of which it is now alleged did not belong to the debtor. But it does not appear that the plaintiff will ever be called on to refund, or that he could be compelled to do so if required. The officer may be liable to the owner of the goods, and the plaintiff not be liable to him. Under such circumstances nothing appears now to be equitably due to the plaintiff, and this action cannot be sustained. It should be shown that the plaintiff had refunded the money to the owner, or the officer ; or at least that he had relinquished all right to it, and offered to give it up before he commenced his suit.

*New trial granted.*