## AVERY *vs.* HOLMES.

In an action for slander, the plaintiff recovers $2.82 damages, and the court, under the act of December, 1832, limited the costs. The plaintiff reviewed, and upon trial obtained a verdict for more than $13·33.—*Held*, that he was entitled to recover full costs of the first trial, and the costs of the review.

CASE, for slander. Upon the trial of the original action the plaintiff recovered judgment for $2·82, damages; and the court, under the act of December, 1832, limited the costs. The plaintiff instituted this action of review, and at this term obtained a verdict for a greater sum than $13·33.

The defendant moved to limit the plaintiff's costs to

those arising since the review. 1. Because the review is brought since the second day of July, 1838 ; and by the act of that date neither party can recover any costs except such as have arisen on review. 2. Because the plaintiff, having recovered only $2·82 on the original trial, and having judgment for that sum only on the verdict of a jury, the sum in costs could not by the statute be any sum exceeding the damages so found, and the new finding of the jury for more damages could not affect the former judgment for costs.

*Bartlett*, for the plaintiff.

*Bell & Quincy*, for the defendant.

GILCHRIST, J.   The only question in this case is one which relates to the effect of the second verdict upon the order of the court limiting the costs upon the first trial.

The act of July 2, 1838, provides that in all actions of review which shall hereafter be commenced and prosecuted in any suit commenced after the passage of this act, neither party shall recover any costs except such as accrued in said action of review, &c. ; and in all cases where the plaintiff in the original action sues out a writ of review for the purpose of recovering increased damages, he shall recover no more cost than the amount by which said damages may be increased.

The costs of the plaintiff cannot be limited by this act to the amount of damages, unless the action were commenced since the 2d day of July, 1838.   As it does not appear that this suit was brought since that date, the act referred to has no application in this case.

Upon the first trial the plaintiff recovered only $2·82 damages, and the court limited his costs by virtue of the authority conferred on them by the 13th section of the act of December, 1832, to allow in such cases such costs only as they shall deem proper.   The court, having this power, considered

that a proper case for its exercise; and so long as that verdict and judgment were not reversed, the taxation of costs remained binding upon the plaintiff.

But the plaintiff might under the statute sue out a writ of review. This is, in its nature, a new trial of the issues before tried. *Burley* vs. *Burley*, 6 *N. H. Rep.* 204. Upon another trial he might obtain a verdict for such a sum as not to call for the exercise of the discretionary power of the court. Accordingly, upon the second trial there was no case for the exercise of this power, as he recovered more than $13·33 damages. This is a reversal of the former judgment. It shows it to have been erroneous; and the power of the court having been exercised only upon the ground that the verdict was for a sum less than $13·33, and that verdict having been shown to be wrong, the ruling of the court, which depended upon that verdict, is no longer operative. In consequence of that verdict, the costs were limited. Since the second verdict we must hold that the plaintiff on the first trial was curtailed of his just claim for costs, by an erroneous verdict. As the error is now corrected by a verdict for increased damages, the plaintiff may now recover, in addition to the costs of this review, his full costs of the former trial. The case is unlike that of *Woodbury* vs. *Parshley, ante* 392, as there the plaintiff was not the prevailing party on the review.