## BARKER *vs.* WENDELL. Review.

Where a judgment creditor, who has caused his execution to be extended on the land of his debtor, brings an action of debt upon his judgment, under the statute of July 4, 1829, and recovers a new judgment, (or in case the judgment debtor has died, obtains an allowance of the original judgment, as a claim against his estate) upon the ground that the debtor had no title to the property upon which the levy was made, the proceedings under the levy are avoided, and he cannot afterwards set up a title to the property under it.

So if the levy is upon an equity of redemption, which is sold upon the execution, and he himself becomes the purchaser of it.

Where, after a levy upon an execution, the judgment creditor brings an action founded upon it, to recover the property levied on, and judgment is rendered against him, he may bring his action of debt, or present his claim against the estate, if the debtor is dead, without prosecuting a review of the action in which he has failed. Or he may review the action thus brought; and, if he fails on the review, seek his remedy afterwards, on his first judgment, in an action of debt, under the statute, on account of the failure of the title.

Barker *v.* Wendell.

But he cannot, after judgment against him in the action founded on the levy, maintain an action of debt, or have an allowance of a claim against the estate of the debtor, upon the ground of a failure of the title, and at the same time reserve a right to prosecute a review.

Nor will a subsequent release of the amount recovered, or allowed, restore, or continue, the right to claim the property under the levy of the execution.

When an action is reviewed, the defendant cannot, upon the review, file a brief statement of matter in defence arising since the original judgment. But if the new matter avoids the plaintiff's cause of action from the beginning, it may be given in evidence under the general issue filed in the original action.

WRIT OF ENTRY, pending on review, in which the plaintiff demands two tracts of land in Portsmouth.

The original writ is dated June 18, 1838, and the writ of review, November 6, 1839.

In the original action the defendant pleaded the general issue, a trial was had at September term, 1839, and a verdict returned in favor of the defendant, on which judgment was rendered.

The parties both claim under Dorothy Wendell. The tenant holds a deed of warranty from her, executed July 31, 1834. The plaintiff recovered judgment against her, October term, 1835, caused his execution to be levied on a supposed right in equity of the said Dorothy to redeem the demanded premises, and became himself the purchaser of it, at a sheriff's sale, August 27th, 1836.

Dorothy Wendell had deceased prior to the trial of this action, her estate had been duly decreed to be administered as an insolvent estate, and a commissioner appointed to receive and allow the claims against it. After the trial and judgment in the action, the plaintiff exhibited to the commissioner, for allowance, a claim for the amount of his judgment against her, with interest, setting forth that by the decision in this action, at the September term, it was adjudged that he acquired no title to the lands demanded, because she had no title thereto at the time of his levy, whereby his judgment against her remained unsatisfied. But he presented the claim, and demanded the allowance of it, with-

Barker *v.* Wendell.

out prejudice to his right to review the action. The commissioner allowed the claim, and his report was duly accepted in the probate court, May 12th, 1840.

On the 11th of June, 1840, the tenant filed in the office of the clerk of the common pleas, where the review was pending, a notice, or brief statement, that on the trial of the action, upon review, he should, in addition to such other matters as might be given in evidence under the general issue, rely, for defence, upon the facts that the plaintiff had presented a claim against the estate for the amount of his judgment, and that it had been allowed, as aforesaid.

At the next February term of the common pleas, the plaintiff's counsel offered to the tenant, and filed in court, a release of all claim under the allowance which had thus been made by the commissioner, reserving whatever title he might have to the right in equity sold upon his execution.

The first report of the commissioner, returning to the probate court a list of the claims allowed against the estate, was made November 12, 1839. The amount then allowed was $3141.43, $1079.03 of which was allowed to the plaintiff. On this last mentioned day, a further term of three months was allowed to the creditors of said Dorothy, to bring in their claims against her estate, and a final report was made by the commissioner, and accepted May 12, 1840, allowing claims against the estate to the amount of $12861.48. No settlement has been made, by the executors of said Dorothy, of any administration account, and nothing has yet been paid to her creditors.

The plaintiff petitioned the judge of probate, January 1, 1841, for the removal of the executors of the will of said Dorothy from that trust, procured an order of notice thereon, and caused the same to be served upon them.

At the February term, the plaintiff objected to the admission of the brief statement, and of any defence under it ; and the foregoing facts having been stated, and agreed to by the

parties, the presiding judge reserved the case for the consideration of this court.

*Emery, & Christie,* for the defendant.   The decisions of the judge of probate, within his jurisdiction, are conclusive, and his judgment as available as that of any other court. The report of the commissioner on an insolvent estate, when accepted by the judge of probate, is of as high a nature as the judgment of a court.   The report and acceptance establish the right of the creditor, and entitle him to maintain a suit upon the administrator's bond.   5 *N. H. Rep.* 89, *Judge, &c.* vs. *Brooks ; Ditto* 67, *Judge, &c.* vs. *Briggs;* 3 *N. H. Rep.* 392, *Gookin, Judge,* vs. *Hoit;* 8 *N. H. Rep.* 489, *Allen* vs. *Hubbard;* 2 *N. H. Rep.* 217, *Bond* vs. *Dunbar;* 6 *N. H. Rep.* 117, *Bryant* vs. *Allen.*

Where a judgment creditor has levied on the land, the effect of a judgment for the debt, in a new action upon the first judgment, is to avoid the levy.   8 *N. H. Rep.* 120, *Burnham* vs. *Coffin ;* 1 *N. H. Laws* 103.

The judgment against Dorothy Wendell is merged in the allowance by the commissioner.   16 *Maine R.* 249, *Arnold* vs. *Pond.*   The plaintiff cannot have judgment for his debt, and the land under the levy also.   9 *Mass. R.* 34, *Porter* vs. *Hall; Ditto* 143, 150, *Stinson* vs. *Sumner;* 4 *N. H. Rep.* 449, *Tillotson* vs. *Grapes.*   He has made his election to take his remedy against the estate of Dorothy Wendell, and not against the land.   If he had brought his action of debt, and recovered on the ground that his levy was void, he could not afterwards have sustained a writ of entry.   After bringing a writ of entry, and failing ; and then in effect bringing his action of debt, and recovering, he is not in any better situation.

The plaintiff could not lay his claim before the commissioner, and reserve his right of review.

The release is inoperative.   It does not appear that the counsel had any authority to execute it.   5 *Cowen's R.* 35. If it is valid, it discharges the debt entirely.   The original

judgment being merged in the allowance of the claim, a release of that discharges the debt. The release has been offered to the defendant in this action, but he is no party to it.

*Bell, & Tuck*, for the plaintiff. It is not a matter of right to put in a plea. The statute relating to reviews requires that the case shall be tried on the same pleadings, unless the court permit the party to amend. It is in the discretion of the court to permit an amendment. The paper filed may be received on condition that the release is accepted, a technical defence waived, and the case tried on its merits.

The facts stated do not show any defence, if admitted. We do not controvert the case Burnham *vs.* Coffin. It is not there said that any thing short of taking an execution will avoid the first judgment.

That the proceedings before the commissioner are not equivalent to a judgment, is evident from an examination of the statute relative to insolvent estates. If the administrator objects to a claim which is allowed, the creditor is to file a declaration, the matter is to be tried by a jury, and the claim may be struck off. The proceedings before the commissioner are not followed by an execution.

There is no sufficient objection to permitting a writ of review, and a claim before the commissioner, to proceed *pari passu.*

The claim was made with a reservation of the right of review. The commissioner should have rejected it, if the two proceedings are inconsistent.

The writ of review was instituted before the judge of probate had accepted the list of claims. If, therefore, the plaintiff has made any election of his remedy, he elected that by review.

The defendant cannot avail himself of the matter under a brief statement. If admissible, it should have been pleaded *puis darrien continuance.*

PARKER, C. J.　There was formerly some doubt in what cases a party could obtain a further satisfaction, where his extent upon the lands of his debtor had failed.

The statute of February 15, 1791, subjecting lands to the payment of debt, and directing the mode of levying executions, authorized the issuing of a *scire facias*, requiring the debtor to show cause why an alias execution should not issue against him, when an execution had been levied on any estate and it afterwards appeared that it did not belong to the debtor.　And where a new execution was issued, on the *scire facias*, it provided that the doings by virtue of the former execution should be considered as void, and of no effect.　*N. H. Laws* (*Ed.* 1815) 183.　The operation of this proceeding was, of course, to revive and continue in force the judgment.　The party, by the *scire facias*, was remitted to that, and took a new execution upon it ; and all the proceedings under the first execution failed, not only from the nature of the case, but by the express provision of the statute.

An additional act, of July 1, 1825, made provision that after a levy, or extent, upon real or personal estate which did not belong to the debtor, the creditor might bring an action of debt upon the judgment upon which the execution issued ; and if, upon trial, it should appear that such estate, or some part of it, did not belong to the execution debtor, the plaintiff might recover the amount equitably due and unsatisfied. If the debtor died before a recovery was had, and his estate was represented insolvent, the statute authorized the exhibition of the claim to the commissioners, and required them to examine, and allow, or reject, as the justice of the case required, giving an appeal from their determination, as in other cases of claims presented.　This provision was retained in the revision of the laws on this subject, by the act of July 4th, 1829 ; and under it the plaintiff had his claim allowed against the estate of Dorothy Wendell, after he failed to sustain the original action, of which this is a review, and which was founded upon his levy upon the supposed equity of redemption.

Barker *v.* Wendell.

There is no express provision in the act of 1825, or that of 1829, that upon the recovery of a judgment in such action of debt, the proceedings under the former levy should be void, so far as a recovery was had ; but that seems to be a necessary result from the recovery or allowance itself ; for the statute applies, only, in case the estate levied on did not belong to the debtor.   That fact must necessarily be found, to warrant the rendition of a new judgment, or the allowance of a claim, under the statute.   Being found, the creditor, instead of taking a new execution on the original judgment, takes a new judgment, and execution for the amount, or has it allowed against the estate as a debt, for the reason that he has taken nothing by his levy on property not his debtor's, and that his debt to that extent still subsists.   This is not an additional remedy, and of course he can no longer hold under the levy.

Although the levy here was upon an equity of redemption, which was sold, the same principle is applicable under the existing circumstances.

If the plaintiff had not been the purchaser of the equity at the sale, but by means of a sale to a third person had received his money, there would have been an objection to his sustaining any suit or claim founded on an alleged invalidity of the sale, until he had refunded the money realized from it, or at least had made a tender for that purpose.   8 *N. H. Rep.* 121, *Batchelder* vs. *Wason.*   So long as he had actual satisfaction of the debt, and asserted a right to retain it, he could have no claim to enforce the collection of the debt again ; and it would be clear that he could not, against the will of the purchaser of the equity, under his execution, defeat any title which that purchaser had actually obtained, by an allegation that nothing had passed, and an assertion of a right to a new execution, upon such allegation.   But being the purchaser himself, he in effect took the right in equity, in satisfaction of his debt, to the extent of the price ; and whenever it could be made to appear that nothing passed by

the sale, he was entitled under the statute again to pursue his remedy for the recovery of his debt.

Had Dorothy Wendell continued to live, the plaintiff might have commenced an action against her, immediately after the rendition of the judgment against him, in the original action of which this is a review, and even before that time if he could have conclusively established her want of title to the supposed equity, which was the subject of the levy and sale. 8 *N. H. Rep.* 114.   He would not have been obliged to prosecute a review, in order to settle the right, but might consider it determined by the first judgment.   Or he might have prosecuted a review to judgment, for the purpose of sustaining the title under the levy, if possible, and have exhausted all the remedies the law afforded him to establish a title to the land ; and failing at last, he might then have commenced his action, to obtain his new execution.   He would have had his election which course to pursue.

He had the same election on her death, except that the limitation of the time, for the presentation of the claims against her estate, obliged him to put in his claim before a review could be determined, if he intended to come in as a general creditor, and not as one who prosecutes a claim, subsequently, because his demand depended upon a contingency. Whether, after failing on review, he might have sought a remedy against any estate which was left, on the ground that his demand depended upon the contingency of his being able to hold the equity sold, and that this contingency did not determine until he elected to proceed no further, need not be discussed at this time.   The fact that he was obliged thus to make his election, by the decease of his debtor, does not alter the principle of the case.   If she had lived, and the plaintiff, upon judgment being rendered against him in the action, in 1839, had submitted to that judgment, and brought his action against her, founded on the failure of the levy, and obtained a new judgment, he could not afterwards have prosecuted a review of the action, for the reasons before stated.

Barker *v.* Wendell.

His new judgment would be founded on his own allegation, and proof, that the levy was on property which did not belong to his debtor, and the proceedings under the levy must be thereby rendered void. And so when he presents his claim, and procures an allowance, upon the ground that his levy has failed.

The attempt to reserve a right to prosecute a review, notwithstanding the allowance of the claim, cannot alter the case. He would not have been entitled to make such reservation, in a suit against her, if she had lived. He had as little right to make it, on claiming his debt against her estate and having it allowed.

Nor can the release avail him, even if executed by his express authority. The levy being avoided by the allowance of the claim, cannot be restored by the release of that claim.

The brief statement, filed by the defendant since the commencement of the review, is entirely inoperative. He could not have filed a new plea of matter arising since the review, and which could not have been given in evidence under the pleadings originally filed. 6 *N. H. Rep.* 204, *Burley* vs. *Burley.* But the matter, set forth in the brief statement, avoids the levy on the supposed equity, and thus destroys the plaintiff's claim of title under it from the beginning. We see no objection to the defendant's offering the evidence, under the general issue, originally filed in the case, notwithstanding the matters arose since the original judgment.