## Knox & ux. *vs.* Knox, Plf. in Review.

Where the plaintiff in an action, the cause of which does not by law survive, obtains a judgment, and the defendant institutes a review of the action, the death of the original plaintiff will not defeat the action of review ; *overruling so much of Fernald* vs. *Ladd,* 4 *N. H. Rep.* 145.

And where the action was brought by husband and wife, for slander of the character of the wife, and judgment for damages was recovered, the execution satisfied, and the defendant brought a review, after which the husband, and then the wife, died—*Held*, that the review might be prosecuted against the administrator of the husband.

Case, on review, by Nehemiah Knox and wife, for slander of the wife. The original action was commenced November 17th, 1837, and was tried at September term, 1838, and a verdict rendered for the plaintiffs, on which judgment was entered. Execution issued October 1, 1838, which was served by an officer, and the amount paid over to said Nehemiah Knox, November 16th, 1838.

The defendant, Hiram Knox, sued out a writ of review April 4th, 1839, which was entered September term, 1839,

Knox *v.* Knox.

and continued. Nehemiah Knox died September 9th, 1839, and before the entry of the review. The wife afterwards objected to the further prosecution of the review, and moved that the same be dismissed. Whereupon the questions arising upon the motion were reserved, and the action transferred to this court.

Subsequent to this the wife died also.

*Fowler*, (with whom were *Pierce, & Bartlett*,) of counsel for the original plaintiffs. The cause of action died with the parties. If so, there is an end of it. There is no greater hardship to have it stop now than there would have been before verdict. 1 *Chitty's Pl.* 57 ; 3 *Black. Com.* 302 ; 1 *Saund.* 217, *n.* 1 ; 1 *Bac. Abr., Baron and Feme, F. K.*

A review is in its nature a new trial. 6 *N. H. Rep.* 204, *Burley* vs. *Burley.* It dies precisely as an original action would have died. 3 *Mass. R.* 296, *Thayer* vs. *Dudley ; N. H. Laws* 96 ; 2 *N. H. Rep.* 407, *Colman* vs. *Churchill.*

The administrator of the husband and the administrator of the wife cannot be joined in the action.

*Perley, & S. D. Bell*, for the plaintiff in review.

UPHAM, J. In the case of injuries to the person, whether by assault, battery, false imprisonment, slander, or otherwise, if either party who received, or committed the injury, die, no action can be supported either by or against the executor, or other personal representatives. The statute of 4 *Ed.* 3, *chap.* 7, which provides a different rule as to other actions, makes no alteration in the common law in this respect. 1 *Ch. Pl.* 57.

The rule is, where the action is for damages only, in satisfaction of an injury done to the person, the cause of action does not survive ; and, therefore, executors or administrators cannot, in such cases, institute a suit. *Cowp.* 271, *Hambly* vs. *Trott ;* 1 *Saund.* 217, *n.* 1 ; 3 *Blac. Com.* 302.

For a battery, or other personal tort done to the wife, the

husband and wife must join; and if the wife dies, the action dies with her. 1 *Bac. Ab., Baron & Feme, K.*

It is clear, from these authorities, that at common law an original action, or right of action, for an injury to the person, cannot survive; but the question submitted for our consideration here is, whether the same result follows on the pendency of an action of review.

In 6 *N. H. Rep.* 204, *Burley* vs. *Burley*, it is held, that a review is, in its nature, a new trial of the issue before tried betwixt the parties.

It cannot be properly regarded as an independent action. It relates back to the original writ, and revives it, and, so far as regards the merits of the original controversy, is the same action.

The court may grant leave to amend the pleadings of the original suit, which shows that the old suit is still pending, undetermined; while the defendant can plead no new matter, arising after the first judgment, in bar of the original cause of action; because the controversy rests on the merits as they originally existed. The judgment, also, which is recovered, relates to the commencement of the suit, and is final as to the whole matter.

If, then, the action dies by the death of the party, as is contended under the rule at common law, why does not the entire suit, which has been revived, and is still pending, die leaving any funds, temporarily in the hands of the original prevailing party, liable to be reclaimed in a suit for money had and received?

The argument contended for would seem to go this length, quite as well as to apply merely to the writ of review, independent of the original suit.

We think, however, that the common law doctrine does not apply to the situation of parties in actions of review where the plaintiff has recovered in the original suit. Plaintiffs in review in such case do not stand in the light merely of individuals who have received a personal injury, but of persons who, claiming to have sustained a personal injury,

have funds in their hands to abide the justice of the claim which the new suit is to determine.

Regard is had to this distinction in other cases, involving a somewhat similar principle. Thus actions *ex delicto* do not generally survive ; but where one has *obtained the property of another*, and actually converted it to his own use, the action will lie in favor of the party injured, as replevin, trespass *de bonis asportatis*, &c. ; and while it is held that actions in form *ex delicto* will not survive against a defendant, a *cause of action* will survive where the defendant has acquired gain by his wrong. The tort may be waived, and an action *ex contractu* brought against the representatives of the deceased, to recover compensation. 4 *Mass.* 622, *Hunt* vs. *Whitney ;* 5 *Pick.* 285, *Jones* vs. *Hoar ;* 3 *Mass.* 321, *Pitts* vs. *Hale ;* 4 *Ditto* 480, *Mellen* vs. *Baldwin ;* 13 *Ditto* 272, *Stetson* vs. *Kempton.*

Where a review has been instituted, as in this case, a prominent question to be determined by the suit is, whether the money previously recovered is rightly holden. It is not, therefore, merely a controversy on a claim of personal injury, but is also prosecuted to recover back money contended to be wrongfully in the plaintiff's hands ; and while such is an important feature in the action, the principle of the common law doctrine does not apply.

We are aware of decisions conflicting with the views expressed ; *see* 4 *N. H. Rep.* 145, *Fernald* vs. *Ladd ;* and 3 *Mass.* 296, *Thayer* vs. *Dudley ;* but we think they were made without a full consideration of the character of our actions of review, where a previous recovery has been had by the plaintiffs, as in this case.

There is another answer to the exception, as originally taken in this case, that the action ceased on the death of the husband.

The action was in right of the wife, for a personal wrong done to her ; and would have survived to the wife, while the original action was pending, or on a review of the same, not-

withstanding the death of the husband, provided the doctrine contended for by the plaintiffs had been sustained.

This objection does not, however, now exist; as, since the last term, the wife has deceased, and the motion is now made to dismiss the suit, on the ground of the decease of both the plaintiffs on the record.

We hold that the action survives, notwithstanding the decease of both the parties; but where a recovery has been had in the name of the husband and wife, and the judgment has been satisfied, the new trial in its pecuniary results can survive only against the husband.

In such case the action clearly should survive against the party originally joined, in whose hands the avails of the suit legally vested on the recovery of the judgment.

The amount recovered in this case vested in the husband, was paid to him, and became a part of his estate, subject to such claim upon it as may result from this review. So far as the review is prosecuted to recover this amount back, it can only in justice proceed against the husband, who has legally appropriated the avails of the original suit, and is thus made responsible for its amount. In a pecuniary point of view, the wife, or her representatives, should be regarded as having no farther interest in the matter. As the character of the wife is involved, her administrator may feel an interest in that question; but it is no part of his duty to contest questions of that kind as the representative of her estate.

The necessary result of the new position of the parties in an action of review, where the husband has originally recovered and appropriated the avails of the judgment, is, that the suit should proceed against the administrator of the husband merely. There would be no good reason to require that the administrator of the wife should be farther joined in the suit, when her estate would be wholly unaffected by it. Personally, the wife is relieved from all farther connexion with the controversy, and its pecuniary effects have become limited solely to the estate of the husband.

PARKER, C. J. The original cause of action in this case is one which does not by law survive, and if the plaintiffs had died before judgment, the death would have operated as a discontinuance. But it was prosecuted to judgment, and the plaintiffs obtained an execution, which was satisfied. The defendant brings a review; and, in order to a correct determination of the motion before us, it is necessary to consider the purpose and effect of this process, which, although not peculiar to this state, is not known to the common law.

It seems to have been considered here, in Massachusetts, and in some other states, that a party ought not to be finally concluded by a single verdict of a jury, in a contested case. In the early practice here, new trials were not granted by the court for any error in the proceedings; but judgment being rendered, the aggrieved party was at liberty, by new process, to review the case once, as a matter of right. A provision giving this right was enacted by the Assembly of the Province as early as 1701. *N. H. Prov. Laws* 27. A similar provision had been long in existence in Massachusetts. *Charters, &c.* 93 ; *Plym. Colony Laws* 254. With some modifications and limitations, this right of review, in actions wherein an issue of fact has been joined, has continued to the present day. It does not operate to stay execution upon the first judgment, nor does it ever operate, in form, as a reversal of that judgment. The original judgment stands, and the party obtaining it retains what he received by means of it. The cause of action is brought into court again for trial, by a new writ, called a writ of review, which recites briefly the former proceedings, and this writ may be brought by either party. But the matter is to be tried on the original pleadings, unless the court permit an amendment of them, which may be done in some cases.

If the party bringing the review fails to change the decision of the case, so that the defendant in the review is, upon the new trial, entitled to the same judgment that was rendered in the first instance, the defendant in the review takes a judgment for his costs. But if the plaintiff in review pre-

vails, he is entitled to a judgment for such damages as will correct the error of the first judgment. If he was originally plaintiff, and failed in the suit, he has judgment for the damages found by the jury on the review, and which it is thus made to appear he ought to have recovered in the first instance, to which costs are added. If he was originally defendant, and judgment was obtained against him, he has judgment for such damages as will restore to him the amount which it appears was wrongfully recovered against him in the first instance, with his costs.

It is evident, from this statement, that the purpose and effect of the review are different where the writ of review is instituted by the plaintiff in the original action who has failed to sustain his suit, from its object and operation when it is brought by a defendant against whom the original plaintiff has obtained judgment. In the first instance, it is in effect a continuation of the original suit, the plaintiff in review still seeking to recover the debt or damages for which he originally commenced his action.

In the other, although the review arises out of, and is dependent upon, the original suit, and although the matters to be tried in it are the matters in controversy in the original suit, it is in effect a new action, to recover back, in the shape of damages, what the defendant alleges has been wrongfully obtained from him, by an erroneous decision upon the first trial; the mode by which he attempts to recover being by trying over again the original cause of action, and making it appear that the plaintiff has no right to sustain a suit against him, or at least was not entitled to recover so much as he has obtained. The proceeding is often called an action of review. And when thus brought by a defendant it may, so far as its operation is concerned, be considered analogous to an action for money had and received to recover back money obtained by duress, or some false claim.

If the original cause of action is not one which survives, it may well be that when the plaintiff has failed to sustain it in the first instance, and has brought his review and then

died, his administrator cannot come in upon the review, and prosecute the suit, because the object of the review is to recover damages for the personal wrong done ; and it is then in effect but a continuation of the original suit, having the same end in view.

But when the original suit terminates in a recovery by the plaintiff, and the defendant brings a review, the end proposed to be attained by the review is directly adverse to the original action, notwithstanding that end is attempted to be attained by a new trial of the original cause of action. The cause of bringing the action of review is not to recover any damages for a personal wrong done, but to recover the money of the plaintiff in review, in the possession of the original plaintiff, or for the amount of which he holds a judgment against the plaintiff in review, which he may enforce at any time.

The ordinary operation of the rule that the cause of action does not survive, is to prevent the party alleging a grievance, or his personal representative, from receiving any benefit from an injury of that character. An application of it to reviews by defendants would secure, absolutely, to the original plaintiff, a benefit obtained which would otherwise be contingent.

It seems clear, therefore, not only that the maxim, *actio personalis moritur cum persona*, has no just application to such a review, but that, if applied to defeat the review alone, its effect would be directly contrary to the principles upon which it is founded. If applied at all, its effect should be, as suggested by brother Upham, to defeat the original suit, notwithstanding the judgment ; for the law allowing a review, the original cause should not, in that case, be considered as ended, so long as the review is pending, and the death of the party ought to defeat it in the same manner it would have done before the judgment. And the result must be that the original defendant, or his representatives, might recover back the damages received by the original plaintiff, as so much money received by him, which he was not entit-

led to hold. It would be as if the original defendant had put the money into the hands of the plaintiff, to await the termination of the controversy, and to which the plaintiff had not entitled himself by a judgment.

The case *Fernald* vs. *Ladd*, 4 *N. H. Rep.* 145, is based in some measure upon that of *Thayer* vs. *Dudley*, 3 *Mass.* 296, although it was supposed that some matter, fortifying the views expressed, was found in a statute providing that actions of certain descriptions, of which that was one, should not abate by the death of either party, but might be reviewed. But, for the reasons we have stated, we are of opinion that the doctrine of that case, so far as it relates to reviews by defendants, must be overruled.

If we entertained a different opinion upon the subject, and sustained the general doctrine of that case, and the matter had stood as it did when the wife moved to dismiss this action, the motion must have been denied, and the review have proceeded against her ; for the original action having been brought for a personal wrong done to her during her coverture, the death of the husband, before judgment, would not have abated it, but the cause of action would have survived to her, and she might have proceeded to recover the damages to her own use. 1 *Chitty's Pl.* 49 ; 2 *Ld. Raym.* 1208, *Newton & ux.* vs. *Hatter ; Bac. Abr., Bar. & Feme, K, p.* 502, *note.* The ground then relied on for defeating the review would therefore have failed entirely ; and notwithstanding the husband had received the damages to his own use, the wife must have proceeded to try the action again, for the reason that the original cause was one which would have survived to her, and the action did not therefore abate ; and if she failed in sustaining the suit, judgment must have been rendered against her personally, to recover back the amount recovered in the former action ; or if she had sustained it, but obtained a verdict for a less amount of damages, then for the difference between those damages and the amount recovered by the husband. The receipt of the damages by the husband could not have abated the writ of review.

Knox *v.* Knox.

But it has been suggested that the decease of the wife, since the last term, interposes a difficulty in the farther prosecution of the review. If the cause of action, after the first judgment was satisfied, could be regarded as surviving to the wife, or if it was necessary to summon in her administrator, and join him with the administrator of the husband, this might be so. But the view we have already taken of the case may serve to show that no cause of action survived to her, and that no such joinder is necessary to the prosecution of the review. The husband having brought the action, obtained judgment, received satisfaction, and has appropriated the subject matter of the action to himself. There are authorities tending to show that until satisfaction, the right would survive to her. *See Clancy's Rights of Women* 113; *Bingham on Coverture* 217; *sed vide* 6 *N. H. Rep.* 205. However that might be on principle, there was clearly nothing left of the cause of action here, to survive to the wife. When a review was instituted by the defendant, to recover back this money, it became necessary to join the wife for conformity; but it is questionable whether, if both had lived, and the plaintiff in review had prevailed, any execution ought to have been issued against the wife. When the husband died, after having reduced the damages to possession, the claim of the defendant in review, if he might prevail and recover back the money, was undoubtedly one existing properly against the estate of the husband. It would be most unjust that the wife should be subjected to the re-payment of the damages; for if subjected to such payment, it may well be doubted whether she could sustain a claim against the husband's estate for a reïmbursement. We are of opinion, therefore, that her decease does not affect the case. The plaintiff in review may proceed in the review against the administrator of the husband. That is the legitimate operation of the suit. If he recovers, he may have satisfaction out of the assets; or if the estate is represented insolvent, he may have his judgment added to the list of claims, under the general statute on that subject. *N. H. Laws* 364.

*Motion to dismiss overruled.*