## BARKER *v.* WENDELL.

If an executor or administrator represent an estate which he administers as insolvent, that is evidence that it has so appeared to him, within the meaning of the statute of July 2, 1822.

A representation that "the estate being greatly involved makes it necessary to represent the same insolvent," and begging "leave so to represent the same," is representing the same insolvent, within the meaning of that act.

Whether it is necessary, in cases arising before the Revised Statutes, to show that an estate was actually represented insolvent, to establish a decree of insolvency, *quere.*

WRIT OF ENTRY, in which the plaintiff claimed to recover two tracts of land in Portsmouth; commenced June 18, 1838, and tried on the general issue at the September term, 1839, when a verdict was returned in favor of the tenants, on which judgment was rendered at the same term.

On the 6th of November, 1839, the demandant sued out a writ of review, returnable to the next February term of the court, and which was then entered and continued from term to term until the present time.

On the 11th day of June, 1840, the tenant filed a plea with the clerk of said court, which was objected to by the plaintiff, and held not admissible, alleging certain new grounds of defence, namely,— "That said demandant presented to James W. Emery, commissioner of insolvency upon the estate of Dorothy Wendell, his judgment recovered on the 3d Tuesday of October, 1835, for $851.65 damages, and $18.25 costs, and costs of levying said execution, and interest, for allowance, on the ground that it was adjudged by the said court, at September term, 1839, that said Barker acquired no title to said real estate by his levy thereupon, because the said Dorothy had none at the time of said levy; on which claim said

Emery allowed $1079.03, being the amount of the judgment and interest, and made his report to the probate court for said county, May 12, 1840, when it was accepted.

Barker had recovered the judgment, and had taken out an execution upon the same, and levied it upon the supposed equity of the said Dorothy of redeeming the land, and had become the purchaser thereof from the officer, on the 27th day of August, 1836.

The tenant claimed the land by virtue of two deeds of the same, executed by Dorothy to him on the 31st of July, 1834.

On the 20th day of March, 1838, the will of Dorothy Wendell was proved by Abraham Wendell and Jacob Wendell, the executors therein named, and letters testamentary granted them, and on the same day they gave bonds as required by law.

A representation was presented to the probate court, bearing date 19th March, 1839, signed by said Abraham Wendell and Jacob Wendell, setting forth, "that the estate of said Dorothy Wendell, being greatly involved, makes it necessary to represent the same insolvent; they, therefore, beg leave so to represent the same, and pray your honor for a commission of insolvency on said estate," and that, &c.

And on this representation the judge of probate, on the 19th day of March, 1839, decreed that the estate should be administered as an insolvent estate, and appointed the commissioner aforesaid.

On the 14th day of September, 1839, the demandant presented to the commissioner, for allowance, the judgment aforesaid, with costs and interest, " reserving to himself a right to review said action." And the said commissioner, by his report, returned November 12, 1839, allowed the sum of $1,079.03.

A final report was made by him, and accepted, May 12

1840, allowing claims against the estate to the amount of $12,861.48. No settlement has been made by the execu-tors of any administration account, and nothing has been paid to the creditors.

It was agreed that in case the court shall be of opinion that the plaintiff is entitled to recover, notwithstanding the proceedings in the probate court, and before the com-missioner, then there is to be trial before the jury; other-wise judgment for the tenant.

*Bell,* for the demandant, argued that the presentation and allowance of the demandant's claim against the estate of Dorothy Wendell was of no effect, because the estate was not represented by the executors as being insolvent, and because it did not appear to have been insolvent. He cited N. H. Laws 359 (1830); Laws of N. H. 219 (1815); 17 Mass. 386. The representation here made was not that the estate was insolvent, but that it was embarrassed.

The defect is not cured by the decree — the court of probate having a limited and special, and not a general jurisdiction; 4 N. H. Rep. 65; and the proceedings must appear upon their face to be well founded. 7 Mass. 80; 2 id. 102; 10 id. 70; 15 id. 199; 13 id. 324; 3 N. H. Rep. 268; 2 id. 322, 421; 11 id. 198; 1 Pick. 180; 12 id. 581; 15 id. 420; 15 Johns. 152; 1 id. 91; 7 id. 75.

The levy is not waived by exhibiting the debt by the creditor before the commissioner. His assent does not make the proceedings valid. 6 Pick. 440.

A decree of the court of probate is not evidence of its jurisdiction. Something more must be shown than that the administrators deemed it expedient that the estate should be administered as insolvent, in order to establish the jurisdiction. It must have been represented as insol-vent.

*Emery,* and *Christie,* for the tenant. The statute does

not contemplate actual insolvency as necessary to establish the proceedings consequent upon the decree of insolvency; for the statute provides for the distribution of the surplus.

In practice, an estate is always represented and decreed insolvent, unless reason is shown to the contrary; and the representation need not be made in writing. 5 N. H. Rep. 50. Any thing that satisfies the court of the fact is sufficient; and so the decree is conclusive. The executors represented the estate as greatly involved; which means that it was insolvent. The decree was conclusive, no appeal having been taken from it. 6 N. H. Rep. 117; 8 do. 489; 4 Mass. Rep. 623.

The insolvency of the estate was never a matter of proof, nor a matter upon which evidence was required. It was decreed upon the representation of the party charged with the administration.

GILCHRIST, J. The demandant claims under a sale of the equity of redemption in the premises, upon an execution in his own favor and against Dorothy Wendell, deceased, and the answer to his claim is, that he has waived or avoided the levy, by proving the judgment before the commissioner of insolvency appointed in the administration of her estate. It has been decided by this court that such a proceeding on the part of the demandant would have the effect for which the tenant here contends. *Barker* v. *Wendell,* 12 N. H. Rep. 119. But the demandant says that the proof and allowance of the judgment before the commissioner were of no effect, because the appointment of the commissioner does not appear to have been warranted by a state of facts preceding that act, which was necessary to enable the judge of probate to make it, and that therefore all the doings of that officer, and all proceedings before him, are void.

The appointment of the commissioner is made by the

judge of probate under "an act regulating the settlement and distribution of insolvent estates," passed July 2, 1822. N. H. Laws 359. In order that an estate may be so administered under that act, three conditions are required. 1. "The estate shall appear to the executor or administrator thereof to be insolvent;" 2, "and shall be so represented to the judge of probate;" 3, " and be decreed by him to be administered upon as an insolvent estate."

Upon the first of these conditions it may be remarked, as was said at the bar, that it cannot be shown, except from the representation, whether it actually appeared to the executor or administrator to be insolvent or not; and therefore his representation may, upon a reasonable construction of the statute, be taken as the proper evidence that it so appeared to him. At least we may assume that it is *primâ facie* evidence of that fact. So that the question at once arises, whether the executors in the present case did represent to the judge of probate that the estate of their testator was insolvent, or whether the language used by them amounted to no more than a statement that the estate was embarrassed. They say that "the estate, being greatly involved, makes it necessary to represent the same insolvent. They therefore beg leave so to represent the same, and pray your honor for a commission of insolvency."

The language addressed to the judge purports to be a representation of the condition and circumstances of the estate. What does it describe them to be? It represents the estate as being so involved that it is necessary to represent the same as insolvent. Representing the estate as so involved that it is necessary to represent it insolvent, is in effect representing it to be in that condition. The necessity of representing it as insolvent can only arise from the fact that it is so. It is not shown to be a matter of mere convenience or expediency to represent its condition to be as described, but a necessity is declared to exist,

springing from the involved condition in which they find it. It seems that the representation was sufficiently formal for the court of probate to consider, and to found a decree, if the case seemed upon the evidence to be a proper one.

It is unnecessary to settle whether, before the passage of the Revised Statutes, an administrator might in all cases represent an estate insolvent, and procure the decree for so administering it; though the practice was to do so whenever a commission of insolvency appeared to be desirable, as a matter of convenience; and the legislature have ratified the practice by expressly authorizing such a course to be pursued in cases arising since the passage of those statutes. Rev. Stat., chap. 162, sec 1. Nor is it necessary to settle whether a decree of insolvency in cases anterior to the period referred to would be conclusive, without showing a representation first made by the administrator, but we have assumed that such a representation is necessary.

But upon its appearing that such a representation was actually made, we do not think we can examine the evidence or other grounds upon which the court of probate based the decree of insolvency, or that the decree, not appealed from, can be drawn in question by evidence in another court, showing that the estate was actually solvent. The decree was upon a matter clearly within the jurisdiction of the court, and therefore conclusive.

The commissioner was therefore regularly appointed, and competent to take cognizance of the claim presented by the demandant. His presentation of it, and the allowance of it by the commissioner, were, therefore, a bar to the action, as has been before decided.

*Judgment for the tenant.*