#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF HILLSBOROUGH, APRIL TERM,

### A. D. 1828.

### JOSES BUCKMAN *versus* CALEB BUCKMAN.

An appeal lies to this court from an order of the court of common pleas to stay all proceedings in a cause.

Where the goods and lands of a defendant have been attached in a suit, subsequent attaching creditors may be admitted to defend in his name, giving security to pay the costs of the suit in case the plaintiff prevail.

ASSUMPSIT upon a note dated August 8, 1825, for $165, payable to the plaintiff, or order, on demand with interest.

The plaintiff sued his writ returnable at the September term of the court of common pleas, in this county, 1826, and caused certain lands and chattels of the defendant to be attached by virtue of the same writ. At February term of the common pleas, 1828, certain creditors of the defendant, who had subsequently caused the same land and chattels to be attached as the property of the defendant, suggested to the court, that the suit was prosecuted with collusion between the parties for the purpose of defrauding the creditors of the defendant, and that there was in fact nothing due from the defendant to the plaintiff. And thereupon, the said creditors having given security to the plaintiff to pay all such costs as the court should order on account of their interference in this suit, the court ordered that the plaintiff should make his elec-

tion to dissolve his attachment, or consent to try the question, whether his suit and attachment were collusive in an issue between him and the said creditors. The plaintiff elected the latter. An issue was formed for the purpose between the plaintiff and the creditors, and tried by a jury who found that the suit was prosecuted collusively, for the purpose of defrauding creditors.

The court then ordered all further proceedings to be stayed, from which order the plaintiff appealed to this court.

*G. F. Farley,* for the creditors, objected, that there was no judgment from which an appeal could be claimed.

*Atherton,* for the plaintiff, replied, that the order of the court to stay all further proceedings was a final determination of the action there, and that an appeal was the only remedy.

*By the court.* The appeal is sustained. The order of the common pleas was a final determination of the action there, from which an appeal may be claimed. 5 Mass. Rep. 193, *Tappan* v. *Bruen ;* 15 ditto, 178, *Gilbreth* v. *Brown ;* 4 ditto, 107, *Lamplear* v. *Lamprey ;* 2 ditto, 141, *Bemis* v. *Faxon.*

The course of the common pleas is different from the settled practice of this court in this class of cases. We cannot try the issue which has been joined in this case, but if the creditors will give security to pay all the costs which the plaintiff may recover, they will be permitted to defend in the name of the defendant. And in case the plaintiff shall prevail in the suit, he will have his remedy for his costs upon the security given. If the creditors prevail in the suit, they will be entitled to an execution in the name of the defendant for their costs.