BLAISDELL & a. *vs.* LADD, & PAGE Tr.

A subsequent attaching creditor may appear and show cause why a trustee should not be charged in a prior suit.

A trustee cannot be charged, if he be also one of the plaintiffs in the suit.

An action at law cannot be maintained where the same person is one of the plaintiffs, and is also the sole, or one of several defendants.

FOREIGN ATTACHMENT. On the 8th day of April, 1841, the trustee was appointed administrator of the estate of Samuel Ladd, late of Haverhill, deceased. The estate was administered in the insolvent course, and a commissioner was appointed in the month of October. Before the service of the trustee process, the principal debtor presented a claim against the estate, which was allowed by the commissioner. The list of claims was returned, and a decree of acceptance made thereon by the court of probate, in the month of December, 1841.

After the service of this process, another creditor of the defendant commenced a suit against him, and caused Page to be summoned as trustee. Mr. Collins, in behalf of that creditor, moved that he might be permitted to appear, and that the trustee should be discharged in this case, because he is one of the firm of Blaisdell & Page, the plaintiffs in this suit, and the questions arising upon these motions were transferred to this court for determination.

*Page, pro se.*

*Collins,* for the subsequent attaching creditor.

GILCHRIST, J. It is the practice in suits where the real or personal property of the defendant is attached by the ordinary process of attachment, to permit creditors who have subsequently attached the same property, to appear and contest the validity of the first attachment. *Buckman* vs. *Buckmar*

4 *N. H. Rep.* 319; *Webster* vs. *Harper*, 7 *N. H. Rep.* 594. The object of course is, that the lien created by the first attachment may be removed, and that the property may be applied in satisfaction of their debts.

The same reason exists for permitting subsequent attaching creditors to appear and contest the liability of a person who has previously been summoned as the trustee of the principal debtor. The service of the process creates an attachment of the property of the debtor in the possession of the trustee. If this attachment be dissolved by the discharge of the trustee, subsequent creditors who have summoned him may cause the property to be applied in·satisfaction of their debts. The motion of Mr. Collins, therefore, prevails.

The question now arises upon the second motion, that the trustee be discharged because he is one of the plaintiffs. This motion must, also, be granted. It has been held that where the same person is a member of two different firms, no action at law can be maintained by one firm against the other. *Portland Bank* vs. *Hyde*, 2 *Fairfield* 196. And this decision accords with the general current of the authorities, some of which are referred to in that case. *Mainwaring* vs. *Newman*, 2 *B. & P.* 120 ; *Moffatt* vs. *Van Mullengen*, 2 *Chitty.* 539; *Bosanquet* vs. *Wray*, 2 *Marsh* 319; *Harvey* vs. *Kay*, 9 *B. & C.* 356; 1 *Ch. Pl.* (*7th Am. ed.*) 44.

One of the results of rendering judgment against the trustee in this case would be, that if he were sued upon it, he, as defendant, might contest the suit with himself as plaintiff. And if the judgment were for specific articles under the statute, he must deliver the articles in question to himself, as creditor. But his interests are identified with those of the other plaintiffs, and there is, by the common law, no mode of severing them, so as to avoid the absurdity of his prosecuting an action against himself.

*Trustee discharged.*