# GRAFTON,

## JULY TERM, A. D. 1846.

## BROWN *v.* JEWETT & a.

The description of the defendants, as partners under a particular name or firm, in the writ, is not an averment that they promised by that name. Proof of a promise by another name, therefore, is not a variance.

In an action against a partnership, the coverture of a female member of the firm, at the time of the contract, may be given in evidence to defeat the action.

The absence of a person from the State for seven years is not, alone, sufficient to raise the presumption of death. There must be evidence, also, showing that he has not been heard of within that time.

If a letter, alleged to have been received from the person whose existence is in question, is relied on to show that he was alive at a certain time, it must be produced and verified, if it is within the power of the party to produce it. The testimony of a witness that he had seen such a letter, and that he knew it to be the hand writing of the person, is not sufficient in such case.

ASSUMPSIT, for money had and received, against the defendants, who were sued as copartners, by the style of "Farmers and Mechanics."

The plaintiff gave in evidence a note signed "Farmers and Mechanics Co., by N. M. Swasey, agent;" also a note, signed "Farmers and Mechanics, per E. B. Hibbard, agent." It was admitted that Swasey and Hibbard were severally duly authorized agents of a company, doing business at the several dates of the notes.

In the articles of partnership the style of the company was "Farmers and Mechanics Store." The name of the

company upon the sign, at the store, was "Farmers and Mechanics." The agents of the company, in transacting the business, sometimes signed "Farmers and Mechanics Co." There was evidence that the company was variously known and styled, as "Farmers and Mechanics," "Farmers and Mechanics Co.," and "Farmers and Mechanics Store."

The defendants contended that there was a variance between the name of the company, as set forth in the writ, and that shown by the evidence of the first note ; but the court overruled the objection. The defendant Jewett further objected, that at the dates of the notes specified she was a *feme covert*, and proved her marriage. It was admitted that sometime after the marriage Jewett left his wife and family, and had been absent from the State for more than seven years at the several dates of the notes, and had never returned. The court ruled that the death of the husband was legally presumed at the expiration of the seven years absence, and that the burden of proof was upon the defendant Jewett, to show her husband living within seven years of the date of the notes, in order to rebut that presumption.

To prove her husband alive, the defendant offered to prove that her husband's mother (now deceased) declared, within seven years before the date of the notes, that she had received a letter from her son within that time; that the letter contained his miniature; that the witness to whom the declaration was made saw the miniature, and recognized the likeness and the hand writing of the husband. No other intelligence had been received by any of his family or friends, respecting him, since his departure from the State. The letter referred to was not produced, although it was stated to exist. The court rejected the evidence, and the jury returned a verdict for the plaintiff.

*Hibbard,* for the plaintiff.

*C. E. Thompson,* for the defendant.

PARKER, C. J. Here is no variance. It does not appear that the declaration alleged a promise by any particular name. The description of the defendants, as partners under a particular name or firm, in the writ, is not an averment that they promised under that name. Proof of a promise by another name, therefore, is not a variance. It appears from the evidence that they acted under that firm, but they may also have used other names, and be liable in this case.

The coverture of Mrs. Jewett at the time of making the promise may be given in evidence, under the general issue, to defeat the action.

It is not sufficient to raise a presumption of death, merely to show that the party has been absent from the State for the term of seven years. That raises no reasonable inference of death. Coupled with evidence from some of the connections or friends who would be likely to know whether he was living, that he had not been heard of for the term of seven years, it does raise a presumption of death. 11 N. H. Rep. 191, *Smith* v. *Knowlton.* If the plaintiff had objected that the evidence on the part of the defendant was insufficient to raise a presumption of the death of the husband, the exception would have been well taken. But if objection had been made in that form, the defendant might have introduced other evidence. Instead of this, the plaintiff undertook to prove affirmatively that the husband was alive, and rested his case upon insufficient testimony. The letter ought to have been produced and verified. Its date was material, and that would best appear from the letter itself; and the defendant was entitled to an opportunity to inspect the letter, and to give evidence, if he might, that it was not the hand writing of the husband.

*Verdict set aside.*