Holland *v.* Seaver.

# HOLLAND *v.* SEAVER.

Where a third person, not a party to the record, is permitted to come in and prosecute or defend a suit, if the opposing party desires to have any claim upon him, the proper practice in this State is to move the court, at the time of his appearance, for security for costs; and ordinarily the motion will be granted.

By permission of the court, the assignee of a bankrupt came in and made defence to the action in the name of the bankrupt; judgment was obtained against the bankrupt, and execution was ordered to issue against the goods and estate which were attached on the original writ; a motion was then made for judgment against the assignee for the costs incurred in the litigation occasioned by his appearance. *Held*, that he was not such a party to the record that judgment could be entered against him. *Held*, also, that after the litigation was terminated it was too late to make any motion for costs against the assignee.

MOTION FOR COSTS, against the assignee of the defendant, Seaver, who was declared a bankrupt after the commencement and entry of this action.

The action was entered at the April term, 1843; and at the April term, 1844, Thomas M. Edwards, Esq., upon leave of the court, entered his name upon the docket in behalf of the assignee, and made the defence of the action from that time in the name of Seaver — the entry upon the docket being " Edwards, for the assignee."

At a subsequent term of the court, judgment was rendered against said Seaver, and execution ordered to issue against the goods and estate which were attached on the original writ. At the same term a motion was made for judgment against the assignee for the costs occasioned by reason of the litigation carried on by him after he came in and made the defence. And the questions arising upon said motion were transferred to this Court for decision.

*Vose* and *Henderson*, for the plaintiff.

*Edwards* and *Wheeler*, for the assignee.

EASTMAN, J. Upon the facts presented in this case, if the collection of costs can be enforced in any way against the assignee, it must be done either by the entering up of judgment and the issuing of execution against him, or by the summary process of attachment upon an order made for the payment of the costs, and a disobedience to that order.

The assignee is not a party to the original suit, nor does he subsequently become a party to the record in such a manner that judgment can be entered up against him. We have no provision of statute or practice in our courts by which that can be done. Administrators and executors may come in and be made parties to the record, and in certain contingencies judgments may be entered against them. But these provisions do not extend to those who have no privity of interest with the original parties to the suit. It is for the benefit of creditors that the assignees of bankrupts, as such, prosecute and defend suits. In cases like the present they are not parties to the contest between the plaintiff and defendant any further than to protect the inte-

rests of third persons. Their proceedings are somewhat analogous to those of subsequent attaching creditors, and their appearance is permitted by the court as a matter of favor and by its discretion, and not as a matter of right.

There would seem to be no very good reason why an assignee, in case of failure to maintain the defence, should not defray all such costs as shall arise by reason of his interference. And had a motion been made in this case for the assignee to give security for costs at the time he came in, or had it been made before the termination of the proceedings, the court would probably have ordered it to be done ; and in the event of the refusal of the assignee to comply with the order, would have denied him the permission of appearing or proceeding in the defence. Such, substantially, is our practice in case of defences made under subsequent attachments. Whenever the subsequent attaching creditor will give security to pay all costs that the plaintiff may recover, he will be permitted to defend in the name of the defendant. And upon a decision of the case the plaintiff has his remedy upon the security given, or the subsequent attaching creditors their execution in the name of the defendant, according as the one or the other is the prevailing party. *Buckman* v. *Buckman*, 4 N. H. Rep. 319. The defence that is made, is in the name of the defendant, and not in the name of the subsequent attaching creditor. So in the case of suits against bankrupts, the defence is carried on in the name of the bankrupt and not in the name of the assignee, and in that way was it conducted in the present instance. No judgment can therefore be entered against the assignee any more than against a subsequent attaching creditor.

In most cases where judgments are not made up and executions cannot issue, the English and New York practice is to grant attachments against the body to enforce the orders of court. 2 Hawk. ch. 22 ; 3 Term Rep. 351 ; 1 New Rep. 121 ; 1 Bingham, 410 ; 2 New York Rev. Stat. 534, § 1. But in this State we do not, in ordinary cases, in civil suits, go thus far. Our orders are usually enforced by directing a party, in case of non-compliance, to be nonsuited or defaulted, or deny him the

privilege of appearing in the suit, according to the circumstances of the case. We seldom grant attachments against the body to enforce the common orders of court. In the present case, however, no order was made and no steps taken to secure the payment of costs till after the litigation was terminated and judgment rendered against the defendant. And we think it is now too late for the Court to make any order against the assignee, or to interfere by any summary process. In all cases where a third person, not a party to the record, is permitted to come in and either prosecute or defend a suit, if the opposing party desires to have any claim upon him for costs, the proper practice is to make a motion for security at the time of his first appearance.

*Motion denied.*