MARCH 11,  }
    1875.   }                    HOAG *v.* HOAG.

A commenced a suit against B, and summoned himself, in the capacity of administrator of the estate of C, as trustee. *Held,* that he could not be charged as such trustee;—*held,* also, that the action against the principal defendant would not be dismissed for want of service.

ASSUMPSIT, before SMITH, J., at the October term, 1874.   The plaintiff sues in his individual capacity.   The plaintiff is administrator of the estate of Alpheus B. Hoag, deceased.   The estate is represented as insolvent.   The principal defendant, Charles E. Hoag, presented his claim against the estate to the commissioner, who allowed the same.

---

*SMITH, J., did not sit.

The commissioner's report has been accepted, but the time for appealing therefrom has not yet expired. In the trustee clause of the writ the officer is commanded " to attach the money, goods, chattels, rights, and credits of the said defendant in the hands, possession of Uriah J. Hoag, of Sandwich, county and state aforesaid, in his capacity of administrator of the estate of Alpheus B. Hoag, to the value of," &c. The plaintiff and trustee are the same person.

The principal defendant appeared and moved to dismiss the action, and the questions thereupon arising were transferred to this court.

*Wentworth, Weed, Hill,* and *Copeland,* for the plaintiff.

*J. H. Hobbs* and *Lougee,* for the defendant.

*LADD, J. The case of *Blaisdell* v. *Ladd,* 14 N. H. 129, seems to be an authority quite in point that this plaintiff, in his individual capacity, cannot have judgment against himself as trustee in the capacity of administrator of the estate of Alpheus B. Hoag. The plaintiff's counsel endeavor to distinguish the two cases on the ground that in *Blaisdell* v. *Ladd* the objection was taken by a subsequent attaching creditor. I cannot see, however, that this makes any difference ; and whether it does or not, the circumstance was not alluded to by the court, the decision being based upon the general proposition that one cannot be both plaintiff and defendant in the same suit. It is said, further, that *Blaisdell* v. *Ladd* ought not to be followed because the trustee process being a proceeding *in rem,* the substance of the matter is that the trustee here is not this plaintiff, but the estate of Alpheus B. Hoag, and therefore the general rule upon which that case was decided does not properly apply. I cannot see the force of this suggestion. On the contrary, it seems to me the fact, that one of the two adverse interests which the plaintiff is attempting to represent in the same proceeding at the same time is a trust, furnishes a strong additional reason why the rule should be applied. As administrator, his interest and duty lie in the direction of reducing and disallowing claims presented against the estate ;—if he could be permitted in this way to secure a private claim of his own against third persons of doubtful responsibility, his individual interest would lie strongly in the opposite direction. This is a temptation into which no administrator ought ever to be led.

The trustee cannot be held, but I am of opinion that the motion to dismiss the action must be denied. It is to be assumed that service of the writ was made upon the principal defendant according to the requirement of the statute in such cases. The discharge of a trustee has not the effect to invalidate such service upon the principal defendant.

FOSTER, C. J. C. C. The case at bar is precisely like the case of

---

* SMITH, J., did not sit.

*Blaisdell & Page* v. *Ladd, and Page, Tr.,* 14 N. H. 129, except that, here, the motion to dismiss is made by the principal defendant, and there, it was made by a subsequent attaching creditor—a distinction without a difference so far as affects the general principle that an action at law cannot be maintained by a person against himself. That principle admits of no violation. It makes no difference that the plaintiff in a certain capacity is the defendant in a different capacity. " One of the results of rendering a judgment against the trustee in this case would be, that if he were sued upon it, he, as defendant, might contest the suit with himself as plaintiff; " and the prosecution of this suit involves " the absurdity of his prosecuting an action against himself."

In *Blaisdell* v. *Ladd & Tr.*, as in this case, the plaintiff sued himself as administrator, and not in a private and individual capacity; but that circumstance was not allowed to avail for the maintenance of the suit.

After the death of one of several executors, his executor cannot be sued by the surviving co-executors for a debt due to their testator. 2 Wms. on Executors, 6th ed., 895. " The same person cannot be both plaintiff and defendant." Dicey on Parties 220. " How can a man sue himself in a court of law ? It is impossible to say a man can sue himself." Thus said Mr. Justice BULLER, in a case where A, B, and C, in the capacity of executors, brought a suit against D jointly with the same plaintiff A in another capacity. *Moffatt* v. *Van Millengen,* 2 B. & P. 124, note c; 1 Wms. on Executors, 6th ed., 853, 854.

" The theory of the trustee suit, the provisions for securing the relative rights of plaintiff and trustee, the rights of appeal, and the general tenor of the law, seem to regard the suit, as between plaintiff and trustee, as an adversary proceeding, and to bring the case within the rule that a person cannot sue himself, or be plaintiff and defendant in the same case." SHAW, C. J., in *Belknap* v. *Gibbens & Tr.*, 13 Met. 473 ; *Mainwaring* v. *Newman,* 2 B. & P. 120. But more than all this, the manifest absurdity of giving sanction to a proceeding whereby a party seeks to promote his personal interests at the expense and detriment of those whom he represents as a trustee, is a sufficient answer and objection to the plaintiff's proposition.

The case conclusively finds that the plaintiff and trustee are the same person. If it were traversable, the identity of the plaintiff and defendant should be pleaded in abatement—*Belknap* v. *Gibbens*, before cited ; but the identity being conceded, the trustee may be discharged upon the mere motion of the defendant, who clearly has such an interest in the case as to authorize his interference.

May the action still be sustained against the principal defendant ?

It is not voidable, as suggested by the defendant, on the ground of defective service. He contends that the trustee being discharged, and never having been properly sued, service upon the defendant could only be by summons as in writs of attachment, and not by copy or by reading. But we cannot regard the process as *absolutely void:* it is voidable

only at the suggestion and by the pleading in abatement of the principal defendant, or of some other interested party : and being thus voidable merely, the process was properly served, the statute providing that the trustee writ " shall be served upon the defendant and trustee like a writ of summons, and the goods and estate of the defendant may be attached thereon." Gen. Stats., ch. 230, sec. 3. Writs of summons are served by copy or by reading. Gen. Stats., ch. 204, sec. 2. This point was very carefully examined in *Belknap* v. *Gibbens,* before cited.

It becomes unnecessary to consider the defendant's objection that as to the trustee the action was prematurely brought, since as to the trustee the action must be dismissed, although the plaintiff may maintain it against the principal defendant.

CUSHING, C. J.   I agree with my learned brethren that the case of *Blaisdell* v. *Ladd & Tr.,* 14 N. H. 129, is decisive that the suit cannot be maintained by the plaintiff against himself as trustee.

It seems not improper to suggest the inquiry, whether, if the plaintiff retains in his hands the amount of his debt, and the principal defendant should seek to recover it by suit either on the probate bond or in any other form of action, after settlement of his administration account and a decree to pay the money in his hands, the judgment must not be against him personally, and liable to be set off against the judgment that he may recover in this suit; and whether, if this be so, he can, according to *Brown* v. *Warren,* 43 N. H. 430, and *Swamscot Machine Co.* v. *Partridge,* 25 N. H. 369, be charged as trustee in the suits of the subsequent attaching creditors against the principal defendant.

The writ in this action is a trustee writ.   It appears to have been adopted in good faith, and is not the less a trustee writ because the trustee is discharged.   It was, therefore, properly served as a trustee writ, and the motion to dismiss for defective service

*Must be denied.*