WOODWARD & a. v. TUPPER & Tr.

In foreign attachment, the trustee cannot set off against a debt due from himself to the defendant, a debt due from the defendant to the trustee as administrator.

FOREIGN ATTACHMENT.   The trustee is indebted to the defendant, and is administrator of C, to whose estate the defendant is indebted.

The court reserved the question whether the trustee can set off the debt due from the defendant to the estate against the debt due from the trustee to the defendant.

*Woodward & Wellington*, for the plaintiffs.

*Lane & Dole* (with whom was *Forbes*), for the trustee.

SMITH J.  The debt due from the trustee to the defendant having been attached, he is entitled to make the same defence he could if sued by his creditor.  The rights of the trustee are not changed to his prejudice by the fact that the action is commenced by a creditor of the principal defendant, and not by the defendant himself.  *Swamscott Machine Co.* v. *Partridge*, 25 N. H. 369.  If this were a suit between the defendant and trustee, mutual demands only could be set off,—that is, demands due to and from the same persons in the same capacity.  *Brown* v. *Warren*, 43 N. H. 430.  If the trustee had been sued by the defendant, he could not file by way of set-off the debt due from the defendant to his intestate, for the debts would not be mutual. If the trustee should obtain a judgment against the defendant upon the demand due his intestate, he could not offset it against a judgment which the defendant might recover against him, for the judgments would not be mutual.  So, for the same reason, if the trustee's intestate in his lifetime had obtained a judgment against the defendant, his administrator could not set off the judgment against a judgment obtained by the defendant against him personally.  The trustee, therefore, is not prejudiced by this suit being brought by a creditor of the defendant to collect his indebtedness to the defendant.

To allow the trustee to make the set-off claimed in this suit, would allow him to pay his private claim by appropriating trust property to that purpose.  It is not the policy of the law to allow a trustee to mingle trust funds with, or exchange them for, his own property.  It may be said that he would be liable upon his bond to make good the amount so appropriated.  But it not unfrequently happens that the bond is insufficient in amount, or becomes impaired by the principal or sureties becoming irresponsible ; besides, the rights of the sureties ought not to be imperilled by suffering the principal to appropriate the trust property to himself.

It may be said that the principal defendant is insolvent, and that this is the only opportunity to collect the debt due the trustee's intestate.  If that be so, it is the misfortune of the estate.  The administrator cannot attach the funds in his own hands, because the plaintiff and trustee would be legally the same party.  *Hoag* v. *Hoag*, 55 N. H. 172.  That the plaintiffs in this suit are not so situated is an advantage they have over the administrator.

*Trustee chargeable.*

BINGHAM, J., did not sit : the others concurred.